IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD B. HIGGINS, | |
|     Plaintiff, | No. C 07-02200 JSW |
|     v. | |
| FARR FINANCIAL INC., ET AL, | **NOTICE OF QUESTIONS FOR HEARING** |
|     Defendants. | |
|                                          / | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON MAY 1, 2009 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 15 minutes to address the following questions:

1. Does Plaintiff contend that churning commodities futures, if not conducted through the mail, constitutes racketeering activity under RICO? If so, what authority, if any supports Plaintiff's position?

2. Although not directly stated, Plaintiff's allegation in paragraph 64 of his Second Amended Complaint ("SAC") supports an inference that Ozar mailed him the account statement. In paragraph 14, Plaintiff alleges that he "received the application paperwork promised by Ozor," but does not specify the manner in which the application paperwork was delivered.

   (a) Does Plaintiff contend that the application paperwork was mailed to him? If not, does Plaintiff contend that Defendants used the mail in connection with the alleged fraudulent scheme on any other instance?

   (b) If Plaintiff can allege on a good faith basis that Defendants used the mail at least twice to perpetuate the alleged fraud, does Farr still contend that Plaintiff cannot allege the requisite predicate acts?

3. Could Plaintiff allege in good faith that Defendants' alleged scheme targeted any other customers?

**IT IS SO ORDERED.**

Dated: April 30, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE