1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9    HOWARD B. HIGGINS,

10            Plaintiff,                          No. C 07-02200 JSW

11        v.

12   FARR FINANCIAL INC., ET AL,                  **ORDER GRANTING IN PART
                                                  AND DENYING IN PART FARR**
13            Defendants.                         **FINANCIAL INC.'S MOTION TO
                                                  DISMISS CLAIMS IN SECOND**
14   _____/           **AMENDED COMPLAINT**

15

16        Now before the Court is Defendant Farr Financial Incorporated's ("Farr") motion to

17   dismiss Plaintiff Howard B. Higgins ("Higgins")'s claims in his Second Amended Complaint

18   ("SAC").  Having carefully reviewed the parties' papers and the relevant legal authority, the

19   Court hereby grants in part and denies in part Farr's motion to dismiss.

20                              **BACKGROUND**

21        Plaintiff Howard B. Higgins ("Higgins") brought this action against Farr, Zenith

22   Investment Group LLC, and George Amacechi Ozor ("Ozor") regarding Higgins' investments.

23   Farr has moved to dismiss claims in Higgins' SAC.

24        The Court will address additional specific facts as required in the analysis.

25                               **ANALYSIS**

26   **A.   Applicable Legal Standards.**

27        A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

28   pleadings fail to state a claim upon which relief can be granted.  The complaint is

*United States District Court*
For the Northern District of California

United States District Court

For the Northern District of California

1   construed in the light most favorable to the non-moving party and all material allegations in the

2   complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The

3   court, however, is not required to accept legal conclusions cast in the form of factual

4   allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v.*

5   *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478

6   U.S. 265, 286 (1986)). Conclusory allegations without more are insufficient to defeat a motion

7   to dismiss for failure to state a claim upon which relief may be granted. *McGlinchy v. Shell*

8   *Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Even under the liberal pleading standard of

9   Federal Rule of Civil Procedure 8(a)(2), a plaintiff must do more than recite the elements of the

10  claim and must "provide the grounds of his entitlement to relief." *Bell Atlantic Corporation v.*

11  *Twombly*, 550 U.S. 544, 555 (2007) (internal brackets and quotations omitted). The pleading

12  must not merely allege conduct that is conceivable. Rather, plaintiffs must allege "enough facts

13  to state a claim to relief that is plausible on its face." *Id.* at 570.

14      Documents whose contents are alleged in a complaint and whose authenticity no party

15  questions, but which are not physically attached to the pleading, may be considered in ruling on

16  a Rule 12(b)(6) motion to dismiss. Such consideration does not convert the motion to dismiss

17  into a motion for summary judgment. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994);

18  *United States v. Ritchie*, 343 F.3d 903, 908 (9th Cir. 2003).

19  **B.    Farr's Motion to Dismiss.**

20          **1.    Higgins' Ninth Claim for Conversion.**

21      Farr argues that Higgins' claim for conversion should be dismissed because Higgins

22  fails to allege that Farr converted a specific sum of money capable of identification.

23  "Conversion is the wrongful exercise of dominion over the property of another." *Oakdale*

24  *Village Group v. Fong*, 43 Cal. App. 4th 539, 543 (1996). To state a claim for conversion under

25  California law a plaintiff must allege: (1) ownership or right of possession of the property; (2)

26  wrongful disposition of the property right of another; and (3) damages. *G.S. Rasmussen &*

27  *Assoc. v. Kalitta Flying Serv.*, 958 F.2d 896, 906 (9th Cir. 1992). Moreover, money can be the

28  subject of a conversion claim, but only if a specific, identifiable sum is involved. *See Haigler v.*

2

United States District Court
For the Northern District of California

1    *Donnelly*, 18 Cal. 2d 674, 681 (1941); *see also Software Design and Application, Ltd. v. Hoefer*

2    *& Arnett, Inc.*, 49 Cal. App. 4th 472, 485 (1996).  However, "it is not necessary that each coin

3    or bill be earmarked."  *Haigler*, 18 Cal. 2d at 681 (holding that "[a] broker or agent is ordinarily

4    liable for converting the funds of his principal when he refuses to account for them upon proper

5    demand. ... When an agent is required to turn over to his principal a definite sum received by

6    him on his principal's account, the remedy of conversion is proper.")

7       The Court dismissed Higgins' conversion claim in his First Amended Complaint with

8    leave to amend because the sums at issue were too uncertain to state a claim for conversion.  In

9    his SAC, Higgins alleges that he told Ozar at least twice that he was not to engage in any trades

10   unless Higgins authorized them.  Higgins has alleged that defendants lost $15,000 of his money

11   through unauthorized trades and seeks to have this specific amount returned.  The Court finds

12   that Higgins' sufficiently alleges a claim for conversion in his SAC.

13       **2.**      **Higgins' RICO Claim.**

14       Higgins alleges claims under section 1962 subsection (c) of the Racketeer and Corrupt

15   Organizations Act ("RICO").  The essential elements of a civil RICO violation under 18 U.S.C.

16   § 1962(c) are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering

17   activity."  *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985); *see also Miller v.*

18   *Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004).

19       Farr argues that Higgins' RICO claim fails for a number of reasons, including that

20   Higgins fails to sufficiently allege the "continuity" requirement.  In order to allege a pattern of

21   racketeering activity, Higgins must allege at least two predicate acts that are related and that

22   "amount to, ... or otherwise constitute a threat of *continuing,* racketeering activity."  *H.J. Inc. v.*

23   *Northwestern Bell Tel. Co.*, 492 U.S. 229, 240 (1989) (emphasis in original).  "Continuity" is

24   both a closed- and an open-ended concept, referring either to a specific period of repeated

25   conduct, or to past conduct that by its nature projects into the future with a threat of repetition."

26   *Id*. at 241.  "A party alleging a RICO violation may demonstrate continuity over a closed period

27   by proving a series of related predicates extending over a substantial period of time.  Predicate

28   acts extending over a few weeks or months and threatening no future criminal conduct do not

United States District Court

For the Northern District of California

satisfy this requirement[.]" *Id.* at 242.  As the Supreme Court explained, "Congress was concerned in RICO with long-term criminal conduct."  Thus, if continuity cannot be established by demonstrating a series of predicate acts extending over a substantial period of time, "liability depends on whether the *threat* of continuity is demonstrated." *Id.*  The Supreme Court provided the following examples of open-ended continuity, where the related predicate acts themselves involved a distinct threat of long-term racketeering activity, either implicit or explicit:

> Suppose a hoodlum were to sell "insurance" to a neighborhood's storekeepers to cover them against breakage of their windows, telling his victims he would be reappearing each month to collect the "premium" that would continue their "coverage."  Though the number of related predicates involved may be small and they may occur close together in time, the racketeering acts themselves include a specific threat of repetition extending indefinitely into the future, and thus supply the requisite threat of continuity.  In other cases, the threat of continuity may be established by showing that the predicate acts or offenses are part of an ongoing entity's regular way of doing business.  Thus, the threat of continuity is sufficiently established where the predicates can be attributed to a defendant operating as part of a long-term association that exists for criminal purposes. ... The continuity requirement is likewise satisfied where it is shown that the predicates are a regular way of conducting defendant's ongoing legitimate business (in the sense that it is not a business that exists for criminal purposes), or of conducting or participating in an ongoing and legitimate RICO "enterprise."

*Id.* at 242-43.  Although the Supreme Court does not define the bounds of open-ended continuity, "its illustrations indicate a requirement of far more than a hypothetical possibility of further predicate acts." *Pyramid Sec. Ltd v. IB Resolution, Inc.*, 924 F.2d 1114, 1119 (D.C. Cir. 1991)

The alleged conduct at issue here occurred over a two-month period, which is insufficient to allege close-ended continuity. *See Religious Tech. Ctr. v. Wollersheim*, 971 F. 2d 364, 366-67 (9th Cir. 1992) (finding that period of six months did not constitute a "substantial" period of time and noting that no courts had held the requirement was satisfied by a pattern of activity lasting less than a year).  Higgins does not appear to dispute this point.

The parties dispute whether Higgins has sufficiently alleged a scheme that poses or posed a threat of continued criminal activity.  Where, as here, the alleged scheme involves just one victim and one account, courts have found that such allegations were insufficient to demonstrate the requisite threat of continued criminal activity. *See Medallion Television*

1  *Enterprises v. SelecTV of California, Inc.*, 833 F.2d 1360, 1363-64 (9th Cir. 1988) (holding that

2  plaintiff failed to demonstrate a pattern of racketeering activity because the case involved a

3  single alleged fraud against a single victim); *Pyramid Sec. Ltd v. Intern'l Bank*, 726 F. Supp.

4  1377, 1382 (D.D.C. 1989) (finding that churning was qualitatively different from the Supreme

5  Court's suggested scenarios and thus was insufficient to show open-ended continuity), *aff'd by*

6  924 F.2d 1114 (D.C. Cir. 1991); *Newman v. L.F. Rothschild, Unterberg, Towbin*, 677 F. Supp.

7  146, 147 (S.D.N.Y. 1987) (finding alleged fraudulent scheme of churning securities was

8  insufficient to demonstrate open-ended continuity where the churning was completed after a

9  twenty-four month period and there were no prior or subsequent frauds alleged against the

10 plaintiff or other parties); *Rampersad*, 2004 WL 616132, *7-8 (S.D.N.Y. March 30, 2004)

11 (finding allegations of churning on one account was insufficient to demonstrate open-ended

12 continuity because once the account was depleted, there was no threat of continuing criminal

13 activity).

14      Higgins' reliance on *Sun Savings and Loan Ass'n v. Dierdorff*, 825 F.2d 187 (9th Cir.

15 1987), is misplaced.  In *Sun Savings*, the court found that the predicate acts posed a threat of

16 continuing activity because the four predicate acts "covered up a whole series of alleged

17 kickbacks and receipts of favors, occurred over several months, and in no way completed the

18 criminal scheme."  *Id*. at 194.  In contrast here, Higgins alleges that Defendants engaged in

19 churning on his one account of approximately $15,000 over a two-month period.  Once the

20 account was depleted, there was no threat of continuing criminal activity.  Higgins has not

21 alleged that Defendants alleged scheme targeted any other customers.  Accordingly, the Court

22 grants Farr's motion to dismiss Higgins' RICO claim.

23      At the hearing on this motion, Higgins represented that he could allege facts to show

24 that at least one other customer was subject to churning by Defendants.  Therefore, the Court

25 will provide Higgins with leave to amend to allege facts to demonstrate open-ended continuity.

26 If Higgins amends his complaint, he should also take care to plead sufficient facts to

27 demonstrate the existence of at least two predicate acts.  This will be Higgins' last opportunity

28 to plead sufficient facts to state a RICO claim.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Farr's motion to dismiss as follows:

(1) the Court DENIES Farr's motion as to Higgins' conversion claim; and

(2) the Court GRANTS Farr's motion as to Higgins' RICO claim. Higgins shall file any amended complaint within twenty days of the date of this Order. If Higgins does not file a third amended complaint, Farr shall file an answer within twenty days. If Higgins files a third amended complaint in accordance with this Order, Farr shall either file an answer or move to dismiss within twenty days of service of the third amended complaint.

**IT IS SO ORDERED.**

Dated: June 30, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

6