IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HOWARD B. HIGGINS,

    Plaintiff,

v.

FARR FINANCIAL INC., ET AL,

    Defendants.

No. C 07-02200 JSW

**ORDER GRANTING FARR FINANCIAL INC.'S MOTION TO DISMISS RICO CLAIM IN THIRD AMENDED COMPLAINT**

Now before the Court is Defendant Farr Financial Incorporated's ("Farr") motion to dismiss Plaintiff Howard B. Higgins ("Higgins")'s eleventh claim in his Third Amended Complaint ("TAC"). This matter is now fully briefed and ripe for decision. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for October 30, 2009 is VACATED. Having carefully reviewed the parties' papers and the relevant legal authority, the Court hereby grants Farr's motion to dismiss.

**BACKGROUND**

Plaintiff Howard B. Higgins ("Higgins") brought this action against Farr, Zenith Investment Group LLC, and George Amacechi Ozor ("Ozor") regarding Higgins' investments. Farr has moved to dismiss the eleventh claim in Higgins' TAC.

The Court will address additional specific facts as required in the analysis.

# ANALYSIS

**A.     Applicable Legal Standards.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true.  *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986).  The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).  Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim upon which relief may be granted.  *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).  Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), a plaintiff must do more than recite the elements of the claim and must "provide the grounds of his entitlement to relief."  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (internal brackets and quotations omitted).  The pleading must not merely allege conduct that is conceivable.  Rather, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.  Such consideration does not convert the motion to dismiss into a motion for summary judgment.  *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *United States v. Ritchie*, 343 F.3d 903, 908 (9th Cir. 2003).

**B.     Farr's Motion to Dismiss.**

Higgins alleges a claim under section 1962 subsection (c) of the Racketeer and Corrupt Organizations Act ("RICO").  The essential elements of a civil RICO violation under 18 U.S.C. § 1962(c) are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985); *see also Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004).

Farr argues that Higgins fails to sufficiently allege the "continuity" requirement required for his RICO claim. In order to allege a pattern of racketeering activity, Higgins must allege at least two predicate acts that are related and that "amount to, ... or otherwise constitute a threat of *continuing,* racketeering activity." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 240 (1989) (emphasis in original). "Continuity" is both a closed- and an open-ended concept, referring either to a specific period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241. "A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement[.]" *Id.* at 242. As the Supreme Court explained, "Congress was concerned in RICO with long-term criminal conduct." Thus, if continuity cannot be established by demonstrating a series of predicate acts extending over a substantial period of time, "liability depends on whether the *threat* of continuity is demonstrated." *Id.* The Supreme Court provided the following examples of open-ended continuity, where the related predicate acts themselves involved a distinct threat of long-term racketeering activity, either implicit or explicit:

> Suppose a hoodlum were to sell "insurance" to a neighborhood's storekeepers to cover them against breakage of their windows, telling his victims he would be reappearing each month to collect the "premium" that would continue their "coverage." Though the number of related predicates involved may be small and they may occur close together in time, the racketeering acts themselves include a specific threat of repetition extending indefinitely into the future, and thus supply the requisite threat of continuity. In other cases, the threat of continuity may be established by showing that the predicate acts or offenses are part of an ongoing entity's regular way of doing business. Thus, the threat of continuity is sufficiently established where the predicates can be attributed to a defendant operating as part of a long-term association that exists for criminal purposes. ... The continuity requirement is likewise satisfied where it is shown that the predicates are a regular way of conducting defendant's ongoing legitimate business (in the sense that it is not a business that exists for criminal purposes), or of conducting or participating in an ongoing and legitimate RICO "enterprise."

*Id.* at 242-43. Although the Supreme Court does not define the bounds of open-ended continuity, "its illustrations indicate a requirement of far more than a hypothetical possibility of

3

further predicate acts." *Pyramid Sec. Ltd v. IB Resolution, Inc.*, 924 F.2d 1114, 1119 (D.C. Cir. 1991)

As the Court concluded in the order dismissing Higgins' RICO claim from his Second Amended Complaint ("SAC"), the alleged conduct at issue here occurred over a two-month period, which is insufficient to allege close-ended continuity. *See Religious Tech. Ctr. v. Wollerscheim*, 971 F. 2d 364, 366-67 (9th Cir. 1992) (finding that period of six months did not constitute a "substantial" period of time and noting that no courts had held the requirement was satisfied by a pattern of activity lasting less than a year).

The parties dispute whether Higgins has sufficiently alleged a scheme that poses or posed a threat of continued criminal activity. As the Court explained in the order dismissing Higgins' RICO claim from his SAC, where the alleged scheme involves just one victim and one account, courts have found that such allegations were insufficient to demonstrate the requisite threat of continued criminal activity. *See Medallion Television Enterprises v. SelecTV of California, Inc.*, 833 F.2d 1360, 1363-64 (9th Cir. 1988) (holding that plaintiff failed to demonstrate a pattern of racketeering activity because the case involved a single alleged fraud against a single victim); *Pyramid Sec. Ltd v. Intern'l Bank*, 726 F. Supp. 1377, 1382 (D.D.C. 1989) (finding that churning was qualitatively different from the Supreme Court's suggested scenarios and thus was insufficient to show open-ended continuity), *aff'd by* 924 F.2d 1114 (D.C. Cir. 1991); *Newman v. L.F. Rothschild, Unterberg, Towbin*, 677 F. Supp. 146, 147 (S.D.N.Y. 1987) (finding alleged fraudulent scheme of churning securities was insufficient to demonstrate open-ended continuity where the churning was completed after a twenty-four month period and there were no prior or subsequent frauds alleged against the plaintiff or other parties); *Rampersad*, 2004 WL 616132, *7-8 (S.D.N.Y. March 30, 2004) (finding allegations of churning on one account was insufficient to demonstrate open-ended continuity because once the account was depleted, there was no threat of continuing criminal activity).

In his SAC, Higgins alleged that Defendants engaged in churning on his one account of approximately $15,000 over a two-month period. Once the account was depleted, there was no

4

1  threat of continuing criminal activity. Higgins had not alleged that Defendants alleged scheme
2  targeted any other customers. Therefore, the Court dismissed Higgins' RICO claim.
3  At the hearing on the motion to dismiss the claim from his SAC, Higgins represented
4  that he could allege facts to show that at least one other customer was subject to churning by
5  Defendants. Therefore, the Court provided Higgins with leave to amend to allege facts to
6  demonstrate open-ended continuity. The Court admonished Higgins that this would be his last
7  opportunity to plead sufficient facts to state a RICO claim.
8  Despite his representation in Court, Higgins fails to identify a single customer other than
9  himself who was subject to Defendants' alleged churning. Instead, Higgings asserts conclusory
10 allegations that other, unidentified, "Farr customers" were affected by the alleged churning
11 scheme. (TAC, ¶¶ 188-199, 204.)[1] Such conclusory, vague allegations as insufficient to allege
12 an open-ended pattern of racketeering activity. *See Emery v. Amer. Gen. Finance, Inc.*, 71 F.3d
13 1343, 1348 (7th Cir. 1996) (finding that plaintiff failed to allege a pattern of racketeering where
14 plaintiff failed to allege "names or dates or details of transactions involving any customers
15 besides [the plaintiff]"); *see also Jepson, Inc. v. Makita Corp.,* 34 F.3d 1321, 1328 (7th
16 Cir.1994) (holding that plaintiff's allegation that defendant engaged in "multiple instances" of
17 mail and wire fraud did not allege "pattern of racketeering activity" with sufficient particularity
18 as required by Fed. R. Civ. P 9(b)); *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.,*
19 806 F.2d 1393, 1401 (9th Cir.1986) (to allege mail or wire fraud predicates for RICO claims,
20 plaintiff must state the time, place, and specific content of the false representations as well as
21 the identities of the parties to the representations as required by Rule 9(b)). Accordingly, the
22 Court grants Farr's motion and dismisses dismiss Higgins' RICO claim without leave to amend.

---

[1] In addition, Higgins alleges that Farr and another independent trading broker, Andrew Wilson ("Wilson"), conducted unauthorized trades on behalf of unidentified customers. (TAC, ¶ 205-207.) However, Higgins alleges that the "enterprise" for purposes of his RICO claim consists of an association in fact between Farr, Zenith and Ozor. (TAC, ¶¶ 188-195.) Therefore, his additional allegations regarding alleged conduct by Farr and Wilson do nothing to demonstrate additional customers were harmed by the alleged RICO enterprise.

5

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Farr's motion to dismiss Higgins' RICO claim.

**IT IS SO ORDERED.**

Dated: October 26, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE