1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7

8                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    HOWARD B. HIGGINS,

10              Plaintiff,                              No. C 07-02200 JSW

11        v.

12   FARR FINANCIAL INC., ET AL,                **ORDER DENYING PLAINTIFF'S**
                                                **MOTION FOR SUMMARY**
13              Defendants.                      **JUDGMENT**

14   _____/

15

16        Now before the Court is motion for summary judgment filed by Plaintiff Howard B.

17   Higgins ("Higgins"). This matter is now fully briefed and ripe for decision. The Court finds

18   that this matter is appropriate for disposition without oral argument and the matter is deemed

19   submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for July 22, 2011 is

20   VACATED. Having carefully reviewed the parties' papers and the relevant legal authority, the

21   Court hereby denies Higgins' motion for summary judgment.

22                                  **BACKGROUND**

23        Higgins brought this action against Defendants Farr Financial Incorporated's ("Farr

24   Financial"), Zenith Investment Group LLC ("Zenith"), and George Amacechi Ozor ("Ozor")

25   regarding Higgins' investments. Higgins now moves for summary judgment on all of his

26   claims against Farr, Zenith and Ozor.

27   ///

28   ///

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**ANALYSIS**

**A.      Standards Applicable to Motions for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattret*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or that party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). In addition, the party seeking to establish a genuine issue of material fact must take care adequately to point a court to the evidence precluding summary judgment

United States District Court

For the Northern District of California

1    because a court is "'not required to comb the record to find some reason to deny a motion for

2    summary judgment.'" *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th

3    Cir. 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418

4    (9th Cir. 1988)).  If the non-moving party fails to point to evidence precluding summary

5    judgment, the moving party is entitled to judgment as a matter of law.  *Celotex*, 477 U.S. at 323.

6    **B.      Higgins' Motion for Summary Judgment.**

7              Higgins moves for summary judgment on his claims under the Commodity Exchange

8    Act for unauthorized trading, churning, fraud, and vicarious liability and his state-law claims for

9    fraud, breach of fiduciary duty, breach of contract, breach of implied covenant of good faith and

10   fair dealing, constructive fraud pursuant to California Civil Code § 1573, and conversion.  The

11   key issue in dispute for all of these claims is whether the trades made in Higgins' account were

12   authorized by him.  In support of his motion, Higgins primarily relies on the allegations in his

13   complaint and the admissions which are deemed admitted by Ozor and Zenith due to their

14   failure to respond.[1]  However, allegations in a complaint are not evidence.  *See Flaherty v.*

15   *Warehousemen, Garage & Service Station Employees' Local Union No. 334*, 574 F.2d 484, 486

16   n. 2 (9th Cir. 1978) (assertions made in complaint, legal memoranda, or oral argument are not

17   evidence and do not create issues of fact).

18             Moreover, although admissions pursuant to Federal Rule of Civil Procedure 36 bind the

19   party who makes the admission, *see Tillamook Country Smoker, Inc. v. Tillamook County*

20   *Creamery Ass'n*, 465 F.3d 1102, 1111-1112 (9th Cir. 2006), admissions by one party are not

21   binding on other parties.  *See Riberglass, Inc. v. Techni-Class Indus., Inc.*, 811 F.2d 565, 566-67

22   (11th Cir. 1987) (admissions by guarantee and one co-guarantor not binding on other co-

23   guarantor); *see also Castiglione v. United States Life Ins. Co.*, 262 F. Supp. 2d 1025, 1030 (D.

24   Ariz. 2003) ("codefendants are not bound by another defendant's admission").  The reason for

25   this rule is two-fold.  First, admissions are hearsay when they are offered against someone who

26
         _____

27           [1] Higgins also improperly relies on the Court's Order on Farr Financial's motion to
     dismiss, in which the Court found that Higgins sufficiently *alleged* an agency relationship in
28   his complaint.  The fact that Higgins stated sufficient allegations in his complaint does not
     automatically mean that Higgins has provided sufficient *evidence* in support of his motion
     for summary judgment to prove these allegations.

did not make the statement.  It is only when they are offered against the party who made the

admission, or is deemed to have made the admission, that it comes within the exception to the

hearsay rule for admissions of a party opponent.  *See In re Leonetti*, 28 B.R. 1003, 1009 (E.D.

Penn. 1983) (citing C. Wright and A. Miller, 8 *Federal Practice and Procedure* § 2264, at 741

(1970) (footnotes omitted)); *see also Alipour v. State Auto. Mutual Ins. Co.*, 131 F.R.D. 213,

215-16 (N.D. Ga. 1990).  Second, issues of fairness preclude the use of deemed admissions

against another party.  *See Allen v. Destiny's Child*, 2009 WL 2178676, * 4 (N.D. Ill. July 21,

2009).

Despite his improper reliance on his complaint and the admissions by Ozor and Zenith,

Higgins provides some evidence in support of his motion for summary judgment sufficient to

shift the burden to Farr Financial.  However, Farr Financial submits evidence which creates a

question of fact regarding whether the trades were unauthorized.[2]  Accordingly, the Court

denies Higgins' motion for summary judgment against all defendants.

## CONCLUSION

For the foregoing reasons, the Court DENIES Higgins' motion for summary judgment.

Pursuant to Northern District Civil Local Rule 72-1, this matter is HEREBY REFERRED to a

///

///

///

///

---

[2] The Court HEREBY DENIES Higgins' motion to strike and GRANTS Farr Financial's motion to file corrected affidavits.  The Court notes that Higgins' reply in support of his motion to strike and opposition to Farr Financial's motion to file corrected affidavits contains what this Court construes as evidentiary objections.  The Court overrules Higgins' objections with respect to Omid Matthew Farr's statements concerning the mailing of confirmations to Higgins in paragraphs 6(a) and 6(c) of his declaration.  To the extent Higgins disputes whether the confirmations were mailed to the correct address, or actually received by him, Higgins raises questions of fact which the Court cannot resolve on a motion for summary judgment.  *See Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997) ("In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party.").  The Court need not rule on the remainder of Higgins' evidentiary objections because the Court did not need to consider such evidence in order to resolve the motion for summary judgment.

**United States District Court**
For the Northern District of California

randomly assigned Magistrate Judge for purposes of conducting a settlement conference, to be
completed within ninety days, if possible.

**IT IS SO ORDERED.**

Dated: July 20, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

5